Daniel Judge,
 

 after stating the case as above, proceeded as follows: If John Latta, instead of the Master, had made a conveyance of the land to the defendant, for a full and valuable consideration, the title would have passed: and the prior deed from John Latta to the Cases, being voluntary, would, as to the defendant, have been deemed
 
 void
 
 by force of the statute of 27th Elizabeth, (see 1 Rev. Stat. ch. 50, sec. 2.) And the circumstance of the purchaser having notice1 of such a voluntary deed at' the time, of his purchase, would make no difference. There have been many decisions, both in England and this Country, establishing these yules of law. If the heirs of James Latta, had filed a peti
 
 *151
 
 tion for the partition of the lands descended to them, and the land in controversy, with the other lands mentioned in the Master’s report, had been partitioned by Commissioners among the heirs, (John being one,) and the report confirmed and a decree had, then John Latta would have been estopped to claim contrary to such a decree,
 
 Mills
 
 vs.
 
 Wither
 
 ington, 2 Dev. & Bat. 433, although the other lessors of the plaintiff would not have been. But here the land has been sold as part of the lands which descended from James Latta to his heirs. The Master reported accordingly, and the court confirmed the report. John Latta was a party, and had full notice of the proceedings. The Master, by order of the court under the act of Assembly, executed a deed for the land to the defendant. The Master, by force of the act of Assembly, and the order of the court, was the legal agent of John Latta, and the other heirs of James Latta, to make the conveyance to the purchaser of all the lands mentioned in the report to have been sold. The conveyance by the Master to the defendant, for a valuable consideration, made him a purchaser of the land within the meaning of the statute' of 27th Elizabeth, in like mannner as if John Latta had himself executed a conveyance of the land. The Cases being volunteers, cannot be permitted to set up their title against that of the defendant, who is a purchaser for a valuable consideration from John Latta’s agent, the Master in Chancery. The opinion of the court was correct, and the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.